USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 11-1-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BASHEEN RUSH,

                Plaintiff,

   - against -

BRIAN FISHER, ET AL.,

                Defendants.

---

09 Civ. 9918 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The Court has received the attached correspondence from the plaintiff in which the plaintiff requests various relief.

In the correspondence dated October 26, 2011, the plaintiff moves the Court for a preliminary injunction. The defendants are directed to respond to this motion by **November 15, 2011**. The plaintiff should reply by **November 25, 2011**.

In the correspondence dated October 18, 2011, the plaintiff makes three requests of the Court. First, the plaintiff asks the Court to appoint legal counsel to address the plaintiff's legal needs. However, from the papers provided, the Court cannot determine whether the necessary showing for appointment of counsel has been met. The Court of Appeals for the Second Circuit has articulated factors that should guide the Court's discretion to appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915. See Hodge v. Police Officers,

802 F.2d 58, 61-62 (2d Cir. 1986); Jackson v. Moscicki, No. 99 Civ. 2427 (JGK), 2000 WL 511642, at *4 (S.D.N.Y. Apr. 27, 2000). For the Court to order the appointment of counsel, the petitioner must, as a threshold matter, demonstrate that his claim has substance or a likelihood of success on the merits. See Hodge, 802 F.2d at 60-61. Only then can the Court consider the other factors appropriate to determination of whether counsel should be appointed: "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989). The plaintiff has not yet made such a showing. The plaintiff's application for the Court to appoint counsel is therefore **denied without prejudice** for failure to make the required showing at this time.

Second, the plaintiff asks the Court to order the United States Marshals Service to effectuate service on the defendants. The docket sheet indicates that the Pro Se Office has sent the plaintiff an amended Rule 4 package but that service has not yet been effectuated. The United States Marshals Service confirms that the plaintiff has provided the required information on Form 285 and that it is attempting service of process. The plaintiff

need take no further action, and the Court need not order the United States Marshals Service to do what it is already attempting to do.

Third, the plaintiff seeks permission to file an amended complaint. The plaintiff may file an amended complaint by **November 21, 2011**.

SO ORDERED.

Dated:   New York, New York
         October 31, 2011

                                    /s/ John G. Koeltl
                                    John G. Koeltl
                                    United States District Judge



Mr. Basheen Rush
Sing Sing Correctional facility
354 Hunter Street
Ossining, New York 10652
Dept. Din 95A4323

October 18, 2011

Honorable Judge J.G. Koeltl
United States District Court for The
Southeren District of New York
500 Peal Street
New York N.Y. 10007
RE: Rush v. Fischer et.al. 09civ9918 (JGK)

Your Honor:

  Please understand that I am in very bad situation and now force to live in pain without any treatment Course or an effective treatment Course. Your Honor, after 9 months of torturing by DOCCS staff, I am now once again faced with such torturing. Where these new defendants Dr. Genovese, Dr. Koeignsmann and Sing Sing medical staff are stopping a proscribed treatment Course by specialist and for non-medical reason. I been told its Cost effective to not treat Chronic Pain here at this facility.

  I am not an skilled attorney, nor have a full understanding of the law. However, Your Honor, I am in pain and while their stopping my treatment Course in stages, Yet, their refusing to provide any further treatment that will address my painful state, that I'm now living. 24 hour's of pure pain is

now my life course.

So, I pray that this Court protect my interest in this matter by issuing a Order of injunction stopping defendant from stopping medical treatment, until this matter is completed and the outcome of trial or a settlement that will address a effective treatment course proscribed by specialist.

In any manner please afford me some assistance to which can cause a stoppage of this denial of treatment and the torture that is now being imposed against my person.

Sir, I was transferred to Sing Sing Correctional facility on October 6, 2011 and on October 8, 2011 Defendant Gutouski working the medication window this day told me that my treatment will be stopped on October 11, 2011. On October 11, 2011 I was send to see someone who refused to provide his name. Upon seeing this John Doe defendant, he stated that he will be stopping my treatment course per facility policy and I then explained to this defendant that I have a well documented medical history of suffering from Chronic Back & wrist pain and over the course of year's seen by specialist for both back and wrist and proscribe a treatment course by four specialist to address the painful condition for which to address the Chronic pain.

Now, no treatment course is being provided, Yet, I am required two time daily to walk up and down stairs (eg 100 stairs) and approx 2 mile walk to Tappen daily in pain. Up and down hills and stairs. Your Honor, Please provide any assistance this Court can provided.

1) Order that injunction against Docss, prohibiting the defendants from stopping a Continunity of Care and treatment Course as order per 9 NYCRR § 7651.6 (e) and treatment Course that was proscribed by Medical Director DR. Miller at the Coxsackie Correctional facility on march 12, 2010 and Specialist, To address plaintiff painful Condition.

2) Order that Counsel be appointed to address Plaintiff legal needs and to speak with defendant on plaintiff behalf.

3) Order that United States Marshall Service please Cause for the Service of Serving defendant Summon and Complaint

4) Order that if needed allow plaintiff to amend his Complaint allowing the right to address this new denial and/or right to address this Continue denial.

Pursuant to Penalty of Perjury 42 § 1746 all facts are true to my knowledge except as to alleged information.

Respectfully Submitted
M. Baalsen Rush
PRO-SE Plaintiff

cc/file br
Kevin Harkin Ass. Att. Gen.

October 18, 2011

Dr. Carl J. Koeignsmann
Chief Medical officer for
Dept. of Correction and Commiunity Services
1220 WAshington Ave
Albany, New York 12226

RE: Thrid notice of an denial of a effective Course of Treatment and Continuity of treatment and Care. Without Any treatment Provided.

Dr. Koeignsmann:

Now your staff action is an at of pure torture, where treatme for my back has been proscribed and now, stopped as I understand for Cost Saving by Dr. Genovese per her staff statements. Now, as of the day I am being made to live in 24 hours of pain and Sufferen without an effective Course of Treatment for my Chronic Back and wirst Pain unable to move without painful stabbing effect in my back and shooting pain down my legs and unable to sleep through the night.

Sincerely
Mr. Beshwen Rush

cc/file pr
Judge Koeltl

United States District Court for The
Southern District of New York ————x
Basheen Rush
        Plaintiff      Motion for Preliminary
  -against-                  Injunction
                                     09-civ-9918 (JGK)(Rel)
Brain Fischer et. al.,
        Defendants ————x

    Pursuant to Fed. R. Civ. P. 65(a) the Plaintiff hereby move the Court for a preliminary Injunction enjoining the defendant's from Continuing the denial of an effective course of treatment for Plaintiff Chronic back and wrist pain as well as a Continuity of care and treatment.

    I, Basheen Rush, declare under penalty of perjury that the foregoing is ture and Corretie Executed on October 26, 2011

Dated: October 26, 2011
        Ossining, New York



                        Respectfully Submitted
                        M. Basheen Rush
                        Pro-se Plaintiff
                        Sing Sing Correctional facility
                        354 Hunter St
                        Ossining, New York 10562
                        Dept Din 95A4323

United States District Court for the
Southern District of New York _____x

Basheen Rush,

              Plaintiff,

-Against-

Brain Fischer et. al.,

              Defendants. _____x

Affidavit In Support of Motion for Preliminary Injunction
09-civ-9918 (JGK)(REL)

    Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, Plaintiff move the Court for a priminary injunction enjoining the defendant's from continuing to deny an effective course of treatment for plaintiff chronic pain and denial of an continuity of care. In support of this motion, Plaintiff respectfully submit the following matters for review and consideration:

    1) There is a substrantial likihood that Plaintiff will eventually prevail on the merits of his claims and Plaintiff has been transferred to the Sing Sing Correctional Facility on October 6, 2011, where Jane Doe nurse stated per facility they do not provide the treatment course I was receiving and that I will be place in to see a Doctor.

    2) On October 11, 2011 I was seen by John Doe Doctor who refused to examine plaintiff medical condition, stating he's not Plaintiff Doctor and he's only concern was stopping pain

relief medication Plaintiff was currently taking for chronic pain. Plaintiff express that this was a violation under the Constitution and Title 9 NYCRR § 7651.6(e); Lavender v. Lampart 242 F.Supp.2d 821 (failure to provide continuous and effective pain relieving medication for known to have severe Chronic pain.) Estelle v. Gamble 97 S.ct 285 (intentionally interfering with the treatment once prescribed) John Doe Doctor stated this facility policy and you condition is the same as other prisoner and I will breaking down the medication to be stopped on October 26, 2011 and we don't treat Chronic pain. "Sue if you like." Was his Statement. And no course of treatment was provided to address my Chronic Pain from both my back and wrist, nor other Condition are being treated.

3). Plaintiff is suffering extreem pain from his back without a treatment course and irreparable injury to his back and wrist will cause Plaintiff to live in Chronic Pain without an effective course of treatment and unless injunction is issued;

4). The retaliation denial and torturous pain outweight whatever damage the porposed injunction may cause the Opposing Party and

5) The injunction, if issued, could not be adverse to Public intrest.

Wherefore, Plaintiff respectfully request the Court to issue an order of preliminary injunction enjoining

defendant's from further denial of an effective course of treatment to address Plaintiff Chronic Pain. now and in the future.

I. Basheen Rush declare under the Penalty of perjury that the foregoing is true to the best of his knowledge and belief. Executed on October 26, 2011

Dated October 26, 2011
Ossining. N.Y.

M. Basheen Rush
Basheen Rush
Pro-se Plaintiff
Sing Sing Corr. fac
354 Hunter St
Ossining. New York 10562
Dept. Din 95A4323

To Copies
Kevin Harkin
Asst. Att. Gen
120 Broadway
N.Y. N.Y. 10271