```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
─────────────────────────────────

BASHEEN RUSH,

                   Plaintiff,         09 Civ. 9918 (JGK)

        - against -               MEMORANDUM OPINION AND ORDER

BRIAN FISCHER, ET AL.,

                   Defendants.
─────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Basheen Rush, who is currently incarcerated at Sing Sing Correctional Facility ("Sing Sing"), brings this motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a).  The plaintiff seeks an injunction enjoining the defendants from denying him an effective course of medical treatment for the chronic wrist and back pain he suffers and ordering the defendants to reinstate his prior medication regimen, which included the prescription of Percocet.

I.

    The plaintiff, Basheen Rush, is currently incarcerated at Sing Sing.  The plaintiff suffers from extreme and chronic pain in his back and wrist.  (Aff. of Basheen Rush in Supp. of Pl.'s Mot. for Prelim. Inj. ("Rush Aff.") ¶¶ 2-3.)

    The plaintiff arrived at Sing Sing on October 6, 2011, after being transferred from Coxsackie Correctional Facility

("Coxsackie").  (Rush Aff. ¶ 1; Decl. of Razia Ferdous, M.D. in Opp. to Pl.'s Mot. for Prelim. Inj. ("Ferdous Decl.") ¶ 7.)  At Coxsackie, the plaintiff had been prescribed Percocet to manage his pain and was taking 5/325 mg twice a day, with instructions that the medication be administered in liquefied form and consumed by the plaintiff in front of medical staff.  (Ferdous Decl. ¶ 6.)  Upon his transfer to Sing Sing, the plaintiff was initially continued on Percocet.  (Ferdous Decl. ¶ 7.)  However, on October 11, 2011, the plaintiff had a follow-up appointment with a medical provider, who explained that the plaintiff would be weaned off Percocet over a two-week period.  (Ferdous Decl. ¶ 8.)  On October 27, 2011, the plaintiff was discontinued from Percocet.  (Ferdous Decl. ¶ 9.)

    The defendants submit a declaration from Dr. Razia Ferdous who states that, to replace Percocet, the plaintiff was given Baclofen twice a day in combination with Ibuprofen.  (Ferdous Decl. ¶ 8.)  Dr. Ferdous states that Baclofen is a non-narcotic pain medication used to treat back pain and muscle strain which is effective in managing pain when used in combination with Ibuprofen.  (Ferdous Decl. ¶ 8.)  The plaintiff contends that he is no longer receiving the Baclofen and Ibuprofen and that he is currently not being provided with any pain medication.  (Letter of Basheen Rush dated Nov. 23, 2011.)

The plaintiff brings this motion for a preliminary injunction enjoining the defendants from denying him an effective course of medical treatment to manage his pain. In particular, the plaintiff seeks to have his prior course of treatment, in which he was prescribed Percocet, reinstated.

## II.

### A.

The standards that govern the issuance of a preliminary injunction are well established. Ordinarily, a party seeking a preliminary injunction must show: "(1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor." Doninger v. Niehoff, 527 F.3d 41, 47 (2d Cir. 2008). However, "[w]here a moving party challenges governmental action taken in the public interest pursuant to a statutory or regulatory scheme," as does the plaintiff here, "the moving party cannot resort to the 'fair ground for litigation' standard, but is required to demonstrate irreparable harm and a likelihood of success on the merits." Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996) (internal quotation marks and citations omitted).

Moreover, where the plaintiff seeks a mandatory injunction – one that "alter[s] the status quo by commanding some positive act" – an even higher standard applies. Tom Doherty Assocs., Inc. v. Saban Entm't, Inc., 60 F.3d 27, 34 (2d Cir. 1995). Namely, the plaintiff must make a "clear" or "substantial" showing of likelihood of success on the merits or show that "extreme or very serious damage" would result in the absence of preliminary relief. Jolly, 76 F.3d at 473; Tom Doherty, 60 F.3d at 33-34; Cherry River Music Co. v. Simitar Entm't Inc., 38 F. Supp. 2d 310, 316 (S.D.N.Y. 1999). In this case, the relief sought by the plaintiff is properly characterized as a mandatory rather than a prohibitory injunction. The plaintiff seeks an injunction that would alter the status quo by departing from his current course of treatment and ordering the reinstatement of his prior medication regimen which included the prescription of Percocet. See Jolly, 76 F.3d at 474 (injunction sought by prisoner was properly characterized as mandatory injunction where relief requested would have required shift in established Department of Correctional Services policy). Accordingly, the plaintiff must meet this more stringent standard.

Because the plaintiff is proceeding pro se, his submissions must be "read liberally and should be interpreted 'to raise the strongest arguments that they suggest.'" Graham v. Henderson,

4

89 F.3d 75, 79 (2d Cir. 1996) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

**B.**

The plaintiff claims that the defendants violated the Eighth Amendment by providing him with inadequate medical treatment. "The Cruel and Unusual Punishments Clause of the Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate medical care." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006). "In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). In order to prevail on a deliberate indifference claim, a prisoner must satisfy a two-part test: first, the "objective" prong requires that the deprivation be "sufficiently serious"; and second, the "subjective" prong requires that the charged official act with a "sufficiently culpable state of mind." See, e.g., Salahuddin, 467 F.3d at 279-80; Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005); Chance, 143 F.3d at 702. With respect to this second prong, the prisoner must show more than mere negligence in diagnosis or treatment. See Estelle, 429 U.S. at 105-06; Smith v. Carpenter, 316 F.3d 178,

5

184 (2d Cir. 2003).  Instead, the prisoner must show that the official "[knew] of and disregard[ed] an excessive risk to inmate health or safety . . . . "  Farmer v. Brennan, 511 U.S. 825, 837 (1994); Chance, 143 F.3d at 702; Smith, 316 F.3d at 184.

In this case, the plaintiff asserts that the defendants acted with deliberate indifference to his serious medical needs when they discontinued his course of treatment which had included the prescription of Percocet.  However, although the plaintiff was taken off Percocet, he was provided with another medication regimen consisting of Baclofen and Ibuprofen to manage his pain.[1]  (Ferdous Decl. ¶ 8.)  The decision to prescribe one form of pain medication in place of another does not constitute deliberate indifference to a prisoner's serious medical needs.  See, e.g., Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011) (prisoner's claim that Motrin medication was

---

[1] In his reply papers in connection with this motion, the plaintiff asserts that he is no longer receiving the Baclofen and Ibuprofen to treat his pain and that he has been provided with no pain medication at all.  (Letter of Basheen Rush dated Nov. 23, 2011.)  However, the plaintiff submits no affidavit or medical records to support this assertion, other than two labels from his prescriptions indicating that there were to be "(0) Refills."  (Letter of Basheen Rush dated Nov. 23, Ex. 1.)  In contrast, the declaration of Dr. Ferdous indicates that the plaintiff has been and continues to be provided with a non-narcotic alternative to manage his pain.  (Ferdous Decl. ¶¶ 4, 8, 11.)  If in fact the plaintiff is denied all pain medication in the future, he can renew his motion for a preliminary injunction at that time.

6

insufficient and that stronger pain medication was required for his wrist injuries did not state a deliberate indifference claim); Reyes v. Gardener, 93 F. App'x 283, 285 (2d Cir. 2004) (summary order) (defendants' decision to prescribe Tylenol or Motrin to manage prisoner's pain and to administer Demerol or Morphine only when necessary did not constitute deliberate indifference); Harris v. Westchester Cnty. Med. Ctr., No. 08 Civ. 1128, 2011 WL 2637429, at *3 (S.D.N.Y. July 6, 2011) ("The failure to provide stronger pain medication does not constitute deliberate indifference."); Wright v. Genovese, 694 F. Supp. 2d 137, 160 (N.D.N.Y. 2010) ("Differences in opinions between a doctor and an inmate patient as to the appropriate pain medication clearly do not support a claim that the doctor was deliberately indifferent to the inmate's 'serious' medical needs."); Veloz v. New York, 339 F. Supp. 2d 505, 525 (S.D.N.Y. 2004) (medical providers' decision not to prescribe stronger pain medication than Tylenol to address prisoner's back condition did not state a claim for deliberate indifference); Ortiz v. Makram, No. 96 Civ. 3285, 2000 WL 1876667, at *9-10 (S.D.N.Y. Dec. 21, 2000) (doctor's decision to prescribe Motrin in lieu of Percocet for prisoner's medical condition did not amount to deliberate indifference, even when that decision contravened recommendation of specialist).

The plaintiff has made no showing that the decision to prescribe Baclofen and Ibuprofen in lieu of Percocet deviated from reasonable medical practice for the treatment of his pain, much less that the defendants acted with a culpable state of mind in making this decision.  To the contrary, Dr. Ferdous asserts that discontinuing the use of Percocet minimizes health risks such as liver damage that can result from prolonged use of Percocet and avoids the possibility of abuse of narcotic pain medication.  (Ferdous Decl. ¶ 5.)  The plaintiff's allegations demonstrate a "mere disagreement over the proper treatment" of his pain, which "does not give rise to an Eighth Amendment violation."  <u>Chance</u>, 143 F.3d at 703; <u>see also</u> <u>Veloz</u>, 339 F. Supp. 2d at 525 ("The Eighth Amendment is not implicated by prisoners' complaints over the adequacy of the care they received when those claims amount to disagreement over the appropriateness of a particular prescription plan.").  "Issues of medical judgment cannot be the basis of a deliberate indifference claim where evidence of deliberate indifference is lacking."  <u>Hill</u>, 667 F.3d at 123.

Thus, the plaintiff has not demonstrated a likelihood of success on the merits, much less a "clear" or "substantial" showing to this effect.  Because the plaintiff must demonstrate a likelihood of success on the merits in order to obtain an

8

injunction challenging governmental action, Jolly, 76 F.3d at 473, the plaintiff's motion for a preliminary injunction is **denied**.[2] The denial is **without prejudice** because the plaintiff may renew the motion if he is denied adequate medical treatment in the future.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the reasons explained above, the plaintiff's motion for a preliminary injunction is **denied without prejudice**.

SO ORDERED.

Dated:   New York, New York
         December 22, 2011

                                              /s/ John G. Koeltl
                                        _____
                                              John G. Koeltl
                                        United States District Judge

---

[2] The defendants also contend that the motion for a preliminary injunction should be denied because the plaintiff has failed to serve the proper defendants and has failed to allege that the defendants were personally involved in the purported constitutional deprivation. Because the Court denies the motion for a preliminary injunction on the merits, it is unnecessary to reach these arguments.

9